**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.    **ED CV 26-1230-JFW(MAA)**                                    Date:  March 23, 2026

Title:        Tedo Berikashvili -v- Kristi Noem, et al.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

      **Shannon Reilly**                                    **None Present**
      **Courtroom Deputy**                                **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
         None                                                      None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
**[filed 3/16/2026; Docket No. 3]**

On March 16, 2026, Petitioner Tedo Berikashvili ("Petitioner") filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO").  On March 18, 2026, Respondents filed their Response.  The Court finds that no additional briefing is necessary and that this matter is appropriate for decision without oral argument.  The hearing calendared for March 30, 2026 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.        FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a citizen of Georgia.  He entered the United States on January 26, 2024.  On January 27, 2024, the Department of Homeland Security served Petitioner with a Notice to Appear, charging him with being an alien present in the United States without being admitted or paroled. He was apparently released, and enrolled in an Alternatives to Detention Program or the Intensive Supervision Appearance Program, which required him to wear a GPS ankle monitor and submit regular check-ins.  Petitioner subsequently applied for asylum within one year of his entry into the United States.  According to Petitioner, he has complied with all conditions of his release, including appearing at all scheduled check-ins.

However, on March 1, 2026, when Petitioner appeared for a scheduled ICE check-in, he was taken into ICE custody.  He is currently detained at the Adelanto Detention Facility.

On March 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and Complaint for

Initials of Deputy Clerk __sr_

Declaratory and Injunctive Relief ("Petition"), challenging the lawfulness of his immigration detention.  In particular, he alleges that his detention violates the due process clause of the Fifth Amendment, the Fourth Amendment's prohibition on unreasonable seizures, and § 1226 of the Immigration and Nationality Act, and that it constitutes arbitrary and capricious government action in violation of the Administrative Procedure Act. In his Petition, he seeks, *inter alia,* a declaration that his detention is unlawful, and an order directing his immediate release from detention.

On March 16, 2026, Petitioner also filed his Motion for TRO, seeking very limited relief: a temporary restraining order and preliminary injunction enjoining Respondents from transferring Petitioner outside the jurisdiction of the Central District of California pending final adjudication of his Petition for Writ of Habeas Corpus.[1]  In its Response, the Respondents state in relevant part:

Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). On December 18, 2025, the *Bautista* court entered final judgment as to the Bond Eligible Class. *See Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A notice of appeal was then filed by the *Bautista* defendants on December 18, 2025, ECF No. 95. On February 18, 2026, the *Bautista* court issued an order enforcing the judgment, ECF No. 116.

On March 6, 2026, the Ninth Circuit granted the government's emergency motion for a stay as follows: (1) the *Bautista* court's December 18, 2025, declaratory judgment is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal, insofar as the district court's judgment extends beyond the Central District of California. The district court's December 18, 2025 judgment remains in place as to the Central District of California; and (2) the district court's February 18, 2026, order granting petitioners' motion to enforce the judgment and vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal. *See Bautista v. DHS*, No. 26-1044, Dkt. 5.1 (9th Cir. 2026).

While Petitioner seeks immediate release,[2] to the extent Petitioner would be entitled to any remedy via the Motion, at most it would be ordering a bond hearing to be held before an Immigration Judge under 8 U.S.C. § 1226(a). Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it

---

[1]Because Respondents had notice and an opportunity to respond and Petitioner briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Motion for TRO as a motion for preliminary injunction.

[2]Contrary to Respondents contention, Petitioner does not request immediate release in his Motion for TRO.

should be consistent with what courts in this district have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days.

## II.      LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

## III.      CONCLUSION

In light of the Government's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, Petitioner's Motion for a temporary restraining order and preliminary injunction is **GRANTED**.  The Court **ORDERS** that: Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.  And, in light of the serious questions going to the merits, the likelihood of irreparable harm, and the balance of equities and the public interest tipping sharply toward Petitioner, the Court **ORDERS** that Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the court.  Any additional relief sought by Petitioner in his Petition shall be addressed by the magistrate judge when adjudicating his Petition.

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'"  *Johnson v. Couturier*, 572 F.3d

Initials of Deputy Clerk __sr__

1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003)).  In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.* (citation omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).  In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted.  Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_